1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   JOSE RIVERA,                          )   No. C 03-4336 JSW (PR)
                                          )
9            Plaintiff,                   )   **ORDER OF SERVICE OF**
                                          )   **EXCESSIVE FORCE AND**
10           v.                           )   **DELIBERATE INDIFFERENCE**
                                          )   **CLAIMS AND INSTRUCTIONS**
11   CAPTAIN O'CONNOR, et al,             )   **TO CLERK**
                                          )
12           Defendants.                  )   (docket no. 9)
     _____ )
13

14                          **INTRODUCTION**

15           Plaintiff, a detainee confined at the San Francisco County Jail, filed this civil

16   rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights

17   during his detention.  Plaintiff complains that an unreasonable amount of force was used

18   against him in the course of his being restrained on November 5, 2002 and that he

19   suffered deliberate indifference to his serious medical needs.

20           On November 3, 2003, this Court ordered service of the complaint on Defendant

21   Lavigne (docket no. 4).  The Court found that while Plaintiff had stated a claim of

22   deliberate indifference to his medical needs, that Plaintiff had failed to identify any

23   individual Defendant against whom that claim lay.  The Court provided Plaintiff with an

24   opportunity to amend the complaint at such time as Plaintiff was able to identify specific

25   individuals against whom he sought to pursue this claim.  The Court also served the

26   complaint against named Defendant Lavigne.  Thereafter, Defendant Lavigne moved to

27   dismiss the complaint and the Court dismissed Defendant Lavigne from this action on

28   July 29, 2004 (docket no. 10), granting Plaintiff leave to amend the complaint to state a

1   claim and to identify the "Doe" Defendants set forth in the complaint.

2   Contemporaneously with the Court's issuance of that order, Plaintiff filed a

3   motion seeking leave to amend and an amended complaint, identifying new Defendants

4   in this matter (docket no. 9).  Plaintiff's motion to amend is GRANTED (docket no. 9)

5   and the Court now orders service of the amended complaint as set forth below.

## STATEMENT OF FACTS

7   Plaintiff alleges that on November 5, 2002, Deputy Jones restrained him and held

8   his right hand behind his back.  After Plaintiff informed Jones that his hand had been

9   previously injured and that it would not bend, Jones continued to push and bend back his

10  hand until it broke, despite Plaintiff informing Jones that he was hurting him.

11  Plaintiff complains that he was taken to the medical station by Deputy Shar, who

12  told Nurse "Doe 1" that she could not talk to Plaintiff. Plaintiff received no treatment.

13  Senior Deputy Ma later saw Plaintiff's hand and refused to allow him medical treatment,

14  telling him that he was going to the "hole" forever.  The next morning, Nurse "Doe 2"

15  saw him at the medical station and told him that he needed x-rays.  Plaintiff was then

16  taken to the hospital and x-rays were taken.  Doctor "Doe 3" at the hospital, told Plaintiff

17  that his fingers were broken and that he needed surgery.  "Doe 3" then put a splint on his

18  hand and wrapped it.  Plaintiff was then returned to the "hole" where he was held until

19  November 18, 2002, when he informed his lawyer about what happened.

20  Plaintiff was taken to the medical station the following day and Doctor "Doe 4"

21  told him he needed surgery as soon as possible and wrapped his hand.  On November 21,

22  2002, Plaintiff underwent surgery.  Plaintiff alleges that he has suffered permanent injury

23  to his hand as a result of the use of excessive force and the deliberate indifference to his

24  medical needs.

## STANDARD OF REVIEW

26  Federal courts must engage in a preliminary screening of cases in which prisoners

27

28                                    2

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

I.  Excessive Force Claim

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *cf. Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996)(Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). Plaintiff contends that Deputy Jones acted with excessive force in restraining him and intentionally causing him pain. Liberally construed, the allegations of Plaintiff's complaint present a cognizable excessive force claim.

II.  Inadequate Medical Care

Plaintiff also contends that he was subjected to inadequate medical care to treat the injuries he suffered by Deputies Ma and Shar and by Doctor and Nurse "Does 1 through 4". Deliberate indifference to serious medical needs violates the Eighth

3

Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. *Gibson v. County of Washoe,* 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

The Court finds the allegations of deliberate indifference to Plaintiff's medical needs present a cognizable claim for relief with regard to Deputies Ma, Shar and Nurse "Doe 1." However, with regard to "Does" 2-4, Plaintiff's allegations are not sufficient to state a claim. The sole allegations by Plaintiff against Nurse "Doe 2" are that s/he "said that I needed x-rays and I was taken to general hospital where x-rays were taken." This is not sufficient to state a claim for deliberate indifference. Similarly, Plaintiff's allegations against Doctor "Does 3 and 4" fail to state a claim. Plaintiff's allegations that when he was brought to the hospital on November 6, 2002, Doctor "Doe 3" told him that he needed surgery as soon as possible, was told by Plaintiff that "somebody did this to me" and wrapped and put a splint on his hand does not state a claim for deliberate indifference. There is nothing to suggest that "Doe 3" was aware that surgery was not provided to Plaintiff for some time thereafter or that s/he had any role in failing to provide Plaintiff with necessary treatment.

With regard to Doctor "Doe 4", Plaintiff's sole allegations are that this Defendant saw him on November 19, 2002, when he was brought to the medical station. Plaintiff's allegations that this Defendant told him that he needed surgery (which was not provided until November 21) and wrapped his hand again does not state a claim for deliberate indifference.

Unless and until Plaintiff is able to identify "Nurse Doe 1" who he contends failed to treat his injury, Plaintiff's deliberate indifference claim cannot proceed against this Defendant. Although the use of Doe defendants is acceptable to withstand dismissal of

4

the amended complaint at this stage of review, it creates a separate problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the names of the unnamed Defendant and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff; the Court will not undertake to investigate the names and identities of unnamed Defendants. Plaintiff will be afforded sixty (60) days in which to provide the identity of Nurse "Doe 1". Failure to provide her name within that time will result in the dismissal of "Doe 1" from this action.

III.   Proper Defendants

Plaintiff names as a Defendant Captain O'Connor, but fails to make any specific allegations against this Defendant in the amended complaint. Plaintiff has failed to state a cause of action against Defendant O'Connor. There is no respondeat superior liability under § 1983 based solely on the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, Defendant O'Connor is DISMISSED.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against Deputies Jones, Ma and Shar. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint (docket no. 10) and all attachments thereto, and a copy of this order upon: **San Francisco Sheriff's Department Deputies Jones, Ma and Shar, 850 Bryant Street, San Francisco, CA 94103.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **sixty (60) days** from the date of this order, Defendant

5

shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that he is of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on

every essential element of his claim).

          c.  Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

          d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

   4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

   5.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

   6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   IT IS SO ORDERED.

DATED:  April 25, 2006

_____
JEFFREY S. WHITE
United States District Judge

7